Billings *v.* Collins.

# COUNTY OF HANCOCK. ·

————o————

JOHN BILLINGS ET AL. *versus* WILLIAM F. COLLINS.

| 44 | 271 |
|---|---|
| 95 | 86 |

The well established rule of the law merchant for the security of negotiable paper, that the innocent indorsee of a note, before it becomes due, without notice and for value, holds it unaffected by any equitable considerations as between the antecedent parties, is limited to such as have been indorsed in the regular course of trade.

The assignee of an insolvent assignor, under an assignment law of the state, can represent only the rights and obtain the remedies of the insolvent.

FACTS AGREED.

ASSUMPSIT on a promissory note, of which the following is a copy:

"DEER ISLE, January 13th, 1855.

"For value received I promise to pay Jacob Dodge, or order, five hundred twenty-nine dollars, in one year, with interest after six months.     [Signed]     W. F. COLLINS."

Indorsed on the back, "without recourse."

"JACOB DODGE."

The genuineness of the signatures were admitted.

It is agreed by the parties that the note was originally given for a part of the brig Angeline Avery, which Dodge conveyed to the defendant, by a bill of sale, in common form, at the time of the making of the note.

That the note came to the plaintiffs by virtue of an assignment to them by Dodge of all his property, for the benefit of his creditors, in pursuance of the provisions of the statute concerning assignments, August 17th, 1855. That by the deed of assignment the plaintiffs became obligated to said Dodge, and to the creditors, to dispose of the property assigned in the manner prescribed by said statute. That many of said Dodge's creditors became parties to said assign-

ment, and relinquished their claims upon said Dodge, and relying upon the obligation aforesaid of the plaintiffs, and that said claims amount to a much larger sum than the value of the property assigned. That at the time of said assignment said note had not become due, and that the plaintiffs, nor said creditors, were aware that there was any defence to said note, or any reason why it should not be paid at maturity; and that the defendant has not returned said vessel either to said Dodge or to the plaintiffs.

The defendants offered testimony tending to show that, on the sale of the brig, said Dodge made false representations as to the construction and materials of said vessel. That there were latent defects in the construction and fastenings of her hull, unknown to the defendant, which greatly lessened the value and safety of said vessel, and that the same was known to said Dodge, to the admission of which testimony the plaintiffs objected.

It is agreed that if it shall be the opinion of the whole court, that said testimony is admissible then the action shall stand for trial; if otherwise, the defendant is to be defaulted.

*B. W. Hinkley,* counsel for the plaintiffs.

*Thomas Robinson,* counsel for the defendant.

CUTTING, J.   This suit is brought to recover the amount due on the defendant's note to one Jacob Dodge, an insolvent assignor, to the plaintiffs, his assignees under the statute of 1844.

The defence set up is a failure or a partial failure of consideration, and the question presented is, whether such defence is open to the defendant, the note *having* been thus transferred before its maturity.

According to the law merchant, for the security of negotiable paper, the innocent endorsee of a note before it becomes due, without notice and for value, holds it unaffected by any equitable considerations as between the antecedent parties. If there can be a lingering doubt as to the truth of a proposition so long and well established, such doubt must

be removed on consulting the authorities cited by the plaintiff's counsel.

But in order to give the indorsee such rights, the note should have been indorsed in the regular and usual course of trade. Assignments of negotiable paper by operation of a bankrupt law of the United States, or of an insolvent, or an assignment law of the state, cannot be said to have been made in the regular course of trade. The assignees in such cases can represent only the rights and seek the remedies of the insolvent. According to the agreement of the parties, the action must stand for trial.